UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. CR 17-129 JLR |
| Plaintiff, | ) | |
| v. | ) | DETENTION ORDER |
| COLE RILEY PEHLING, | ) | |
| Defendant. | ) | |

Offenses charged: Two count Indictment:

1. Possession of Destructive Device (Homemade Bomb) Not Registered to Him

2. Unlawful Possession of a Short-Barreled Rifle

Date of Detention Hearing: May 22, 2017

The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which defendant can meet will reasonably assure the safety of other persons and the community.

DETENTION ORDER
PAGE -1

FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

(1) Based upon the proffer made by the United States, and the exhibits admitted at the detention hearing, the following is a statement of the facts surrounding these alleged offenses.

(2) Defendant constructed a highly dangerous bomb, which he stored in a locker maintained by his mother in Granite Falls, WA.

(3) Defendant uses controlled substances, including heroin, methamphetamine, opiates and marijuana.

(4) He told his mother he owed some money as a result of drug dealings, and he intended to use the bomb against someone who was harassing him.

(5) Also in the storage locker were a rifle with a sawed-off barrel and stock, and vats of precursor chemicals used in bomb construction.

(6) When his mother gave defendant a deadline to get rid of the bomb, he instead went to Montana. While there, local authorities initially engaged him as an undercover informant, until they discovered that he was dealing drugs "on the side."

(7) When he was arrested, he had a quantity of heroin hidden in his sock. Felony drug charges are pending against him in Montana.

(8) Defendant has no criminal record, prior to the matters described above. At some time in the past, he participated in a drug treatment program, apparently successfully. But recent events indicate new and serious offenses, and the return to use of drugs.

(9) Defendant has driver's licenses from both Washington and Montana. But both are suspended in the third degree.

DETENTION ORDER
PAGE -2

(10) Defendant is unemployed, and has been for a substantial period of time.

(11) He has had no stable residence for any substantial period of time.

(12) If released, defendant proposes to reside with his grandfather and step-grandmother in Shelton WA. There does not appear to be any close relationship between them, however. His step-grandmother reports she has not seen him for over a year, and that she talked to him on the telephone most recently a month ago.

(13) Release on the conditions proposed by defendant, and endorsed by Pretrial Services, would not provide reasonable assurance either that defendant would make his future appearances, or of the safety of other persons and the community. Those conditions would do nothing to address the risk of conflict between defendant and the person he alleges was "harassing" him. Defendant's relationship with his grandparents is not such as would inspire any confidence that their influence is likely to keep him out of further trouble. Also, it is problematical whether residing in Shelton would inhibit his access to drugs, or provide an effective way for Pretrial Services to test him for drug use, or to provide drug treatment.

It is therefore ORDERED:

1. Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. Defendant shall be afforded reasonable opportunity for private consultation with counsel;

3. On order of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding;

4. The Clerk shall direct copies of this Order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 22th day of May, 2017.

John L. Weinberg
United States Magistrate Judge